Dorris Leo **STEELE**, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. No. 74–406.**

United States District Court,
S. D. California.

March 6, 1975.

Ernest E. Wideman, Luce, Forward, Hamilton & Scripps, San Diego, Cal., for plaintiff.

Peter W. Bowie, Asst. U. S. Atty., San Diego, Cal., for defendant.

## ORDER

GORDON THOMPSON, Jr., District Judge.

This matter is before the Court on defendant's motion to dismiss filed pursuant to Rule 12(b), Federal Rules of Civil Procedure. The underlying action is founded upon the alleged negligent exercise of control over plaintiff's aircraft, causing it to collide in midair with another plane. The negligence alleged is that of employees of the Federal Aviation Administration in their alleged control and coordination of the flight of plaintiff's aircraft. The basis for the motion of defendant to dismiss is the failure of plaintiff to timely present an administrative claim to the appropriate federal agency.

There is no factual dispute with respect to the date and time the midair collision occurred: June 17, 1972, at approximately 1:00 p. m. The administrative claim form reflects, and plaintiff admits, that the forms were executed by plaintiff on June 17, 1974. The claim forms were, on the same evening, deposited in a mailbox at the central San Diego Post Office, one in an envelope addressed to the office of the Federal Aviation Administration in Los Angeles, and one in an envelope addressed to the United States Attorney for the Southern District of California. The claim form addressed to the United States Attorney was received on June 18, 1974, and the one addressed to the F.A.A. was received on June 19, 1974.

The applicable statute of limitations is found at 28 U.S.C. § 2401(b), and provides in pertinent part:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues  . . . .

Defendant has argued a number of grounds in support of its motion. The first argument is that the statute of limitations had run prior to the execution and mailing of the claim form. The second ground advanced by defendant is that Rule 6 regarding computation of time cannot aid plaintiff because a rule of procedure cannot alter a substantive statute of limitation. The third argument is that the act of mailing is not sufficient to toll the statute of limitation. As to the latter argument, defendant has urged that mailing does not

constitute "presentment" within the meaning of the Federal Tort Claims Act, nor does it constitute "receipt by a federal agency" within the meaning of 28 C.F.R. § 14.2. Plaintiff, in opposition to the motion, has argued the converse of each of the positions asserted by defendant.

The first two issues advanced by defendant are related, involving as they do the operation of Rule 6, Federal Rules of Civil Procedure, upon the statute of limitations of the Federal Tort Claims Act. The basic and very serious question for resolution is whether the United States Supreme Court, in promulgating the Federal Rules of Civil Procedure, can possibly alter or affect the running of a statute of limitation which has been held to be a substantive statute. Lomax v. United States, 155 F.Supp. 354 (E.D. Pa.1957); Carr v. Veterans Administration, Civil Action No. 73–J–173 (N), S. D. Mississippi, July 18, 1974. That the question is of considerable import can be readily understood from a reading of the Notes of Advisory Committee on Rules, Rule 3, 28 U.S.C.A. p. 200; United States v. Sherwood, 312 U.S. 584, 61 S. Ct. 767, 85 L.Ed. 1058 (1941); 2 Moore's Federal Practice, § 4.06–1, p. 981; 4 Wright & Miller, Federal Practice and Procedure, § 1163 (1969).

However, because of the conclusions reached regarding the third argument advanced by defendant, this Court need not reach the foregoing question, and expresses no opinion on its ultimate resolution. This results from the fact that, assuming arguendo, the Federal Rules of Civil Procedure were applicable and did extend the statute of limitations as argued by plaintiff, plaintiff nevertheless failed to present his administrative claim to the appropriate federal agency within two years.

A jurisdictional prerequisite to suit against the United States is found at 28 U.S.C. § 2675(a), which provides in pertinent part:

> An action shall not be instituted upon a claim . . . unless the claimant shall have first *presented* the claim to the *appropriate Federal agency* . . . .. (emphasis supplied)

As noted above, the pertinent statute of limitation, 28 U.S.C. § 2401(b), contains the identical requirement.

Plaintiff has asserted, as a defense to the foregoing, the language of 28 C.F.R. § 14.2(a). The relevant portion of that section provides:

> For purposes of the provisions of section 2672 of Title 28, United States Code, a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident . . . .. If a claim is presented to the wrong Federal agency, that agency shall transfer it forthwith to the appropriate agency.

Plaintiff argues from the foregoing regulation that the act of depositing the claim form in an envelope addressed to the F.A.A. in a mailbox at the central post office constitutes receipt by a federal agency within the meaning of the regulation and that the requirements of the jurisdictional statutes have been satisfied.

The Court, after considering the oral arguments and the points and authorities submitted, must reject plaintiff's contentions. Plaintiff has failed to demonstrate to the Court that the act of depositing an envelope in a mailbox is equivalent to receipt by a federal agency, much less "presentment" within the meaning of the controlling statutes.

The Court must first comment on who the post office was serving when plaintiff caused the claim form to be deposited in the mailbox. Clearly, within the confines of the factual pattern here involved, the post office was acting as plaintiff's agent for transmission of the claim. The Postal Service was neither acting as an agency for the United States nor the F.A.A. for purposes of receiving administrative claims. It is sufficient to note that plaintiff chose the mode of transmission of his adminis-

trative claim to the appropriate agency and plaintiff chose the moment to exercise that mode of transmission.

 The Court has also considered the legislative history of the Federal Tort Claims Act. That history reflects that "presented," within the meaning of the controlling statutes, is at a minimum the equivalent of filing. It has long been the law that mailing is not sufficient to accomplish a filing. See, e. g., United States v. Lombardo, 241 U.S. 73, 36 S.Ct. 508, 60 L.Ed. 897 (1916).

The decision reached herein is not based solely on the reasoning set out above. A similar situation was considered in the case of Commercial Underwriters v. Dobbs, Civil Action No. 39019, E.D.Mich., May 8, 1973. In that case, the appropriate federal agency was the Postal Service and the administrative claim was deposited in the mail before the statute of limitations had run, but was not received until well after. That action was dismissed for failure to comply with the statute of limitations.

This Court is of the opinion that the instant action must also be dismissed for failure to comply with the statute of limitations. Plaintiff clearly did not present his administrative claim to the appropriate federal agency within two years after the cause of action accrued. Such presentation to the appropriate federal agency is a jurisdictional prerequisite to suit under the Federal Tort Claims Act. Avril v. United States, 461 F.2d 1090 (9th Cir. 1972); Caton v. United States, 495 F.2d 635 (9th Cir. 1974); Johnson v. United States, 404 F.2d 22 (5th Cir. 1968).

While statutes of limitation sometimes appear harsh when they deny a plaintiff his day in court on the merits, this Court is of the opinion that the two-year statute of limitations of the Federal Tort Claims Act is less onerous than many others, most notably the one-year statute of the State of California. That a plaintiff may wait until the last minute, or as in this case beyond the last minute, before presenting his adminis-trative claim to the appropriate federal agency is a decision made by that plaintiff. But the risk of dismissal is one which such a plaintiff assumes when a decision is made to wait until the last minute.

Accordingly, it is hereby ordered that the motion to dismiss the complaint of Dorris Leo Steele for lack of subject matter jurisdiction arising out of the failure of the plaintiff to timely present his administrative claim to the appropriate federal agency is granted.