**Anne Y. BARLOW, Plaintiff,**

v.

**AVCO CORPORATION, et al.,
Defendants.**

**Civ. A. No. 80–0840–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Dec. 3, 1981.

Stephen W. Bricker, Richmond, Va., for plaintiff.

G. Wingate Grant, Asst. U. S. Atty., Richmond, Va., Dolores Sullivan, Trial Atty., Civ. Rights Div., U. S. Dept. of Labor, Washington, D. C., for defendants.

## MEMORANDUM OPINION

WARRINER, District Judge.

This matter is before the Court on a Motion to Dismiss filed by defendant United States Department of Labor and a Motion to Dismiss, or in the Alternative, for Summary Judgment, filed by defendants James Bodnar and Richard Jaffe, employees of the Department of Labor.

The complaint charges four separate causes of action based on sex discrimination under: 1) Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.*; 2) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; 3) the Civil Rights Act of 1866, 42 U.S.C. § 1985; and 4) the Fifth Amendment to the United States Constitution made actionable by the Supreme Court's holding in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Plaintiff sued defendants Bodnar and Jaffe in their individual as well as their official capacities. Also included as defendants but not as parties to the motions before the Court are AVCO Corporation and four named employees thereof.

Plaintiff Barlow was employed as a manager of the Old Dominion Job Corps Center operated by AVCO Corporation under contract with the Department of Labor. In August 1979, plaintiff was terminated from her employment with AVCO Corporation and subsequently brought this action claiming that the termination was discriminatorily based on her sex.

### Federal Tort Claims Act

The only charge against defendant Department of Labor is under the Federal Tort Claims Act. The Government moves to dismiss this claim on the grounds that the Act does not encompass constitutional torts and that plaintiff failed to present her claim to an office of the Department of Labor as required by the Act.

On the first point of contention, the Department argues that constitutional torts are not covered by the Federal Tort Claims Act (FTCA) because the Act is an explicit

waiver of sovereign immunity only for common law torts and does not encompass constitutional torts of the type alleged by plaintiff. Plaintiff disagrees with the Department on this point and further argues in the alternative that the FTCA provides a federal remedy in those cases where defendants would be liable under local law. Plaintiff cites the Constitution of Virginia and Section 40.1–28.6 of the Virginia Code as evidence that the alleged sex discrimination is illegal in Virginia and thus recovery is permitted under the FTCA.

■ The FTCA is generally a waiver of the sovereign immunity of the United States for torts its employees commit within the scope of their employment, if a private person would be liable in accordance with the law of the place where the act or omission occurred, 28 U.S.C. § 1346(b).[1]

■ On the question of whether constitutional torts are encompassed by the FTCA, the Court adopts the rule set forth by the Second Circuit in its well-reasoned opinion in *Birnbaum v. United States*, 588 F.2d 319 (2d Cir. 1978). The Court therein held that nothing in the legislative history or in the wording of the Act itself indicated that Congress had intended the "local law" reference to encompass Federal Constitutional torts. Plaintiff's argument that constitutional torts are covered by the FTCA rests solely on the recent Supreme Court opinion in *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). In the *Carlson* case, the plaintiff brought a *Bivens*-style suit on behalf of her deceased son's estate, alleging that her son, while a prisoner in a federal prison, suffered personal injuries from which he died because defendant prison officials failed to give him proper medical attention. The Court held that, in addition to the suit against the individual officers under a *Bivens* theory, plaintiff could also bring an FTCA suit, not on the basis of the alleged constitutional tort, but because an amendment to the FTCA specifically waives sovereign immunity for intentional torts by law enforcement officers, just the tort alleged by Mrs. Carlson. The Supreme Court held that neither a *Bivens* theory nor an FTCA theory of recovery was an exclusive remedy and that Mrs. Carlson could pursue both avenues of relief. This does not mean that both avenues are open to Ms. Barlow in this case, however, as plaintiff was not subjected to an intentional tort by a law enforcement officer. Thus, the FTCA claim as discussed in *Carlson* does not apply.

■ Plaintiff further argues that under the "local law" provision of the FTCA, defendant Department of Labor is liable because Section 11 of Article I of the Virginia Constitution[2] and the equal pay statute of the Virginia code prohibit sex discrimination (§ 40.1–28.6 Va.Code Ann.).[3] The Court finds that the statute cited only deals with equal pay for equal work and is therefore not applicable on the facts of this case which alleges not unequal pay but discriminatory discharge.

■ The reference to the Virginia Constitution is another matter. There is no

1. This section of the statute reads, in relevant part, as follows:

   (T)he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

2. Section 11 of Article I of the Virginia Constitution reads in relevant part:

   ... that the right to be free from any governmental discrimination upon the basis of religious conviction, race, color, sex, or national origin shall not be abridged, except that the mere separation of the sexes shall not be considered discrimination.

3. The Virginia equal pay statute reads in relevant part:

   No employer having employees shall discriminate ... between employees on the basis of sex by paying wages to employees ... at a rate less than the rate at which he pays wages to employees of the opposite sex .... Section 40.1–28.6 Va.Code Ann.

Virginia statute which gives the citizens of Virginia the protection that this clause of the Constitution provides. Therefore, it would have been senseless to include it in the Constitution unless a private right of action was also available thereunder, and accordingly, the Court holds that there is a private cause of action under this article of the Virginia Constitution. This will not settle the matter to plaintiff's satisfaction because the cited Constitutional provision prohibits sex discrimination only by the Government of Virginia and thus allows suit only against that entity. Even if it had intended to do so, Virginia could not have created a right in a private citizen of the Commonwealth to bring an action against the United States over a plea of sovereign immunity.

On the issue of the filing of the FTCA claim, plaintiff contends that she mailed the required administrative claims to the Department of Labor in 1979. One claim was mailed to the then Secretary of Labor, Raymond Marshall, and the other was mailed to the Regional Solicitor of Labor in Philadelphia, Pennsylvania. The Department maintains that neither copy of the claim was received and further argues that receipt by the Department is necessary to fulfill the statutory requirements. Both parties have submitted affidavits supporting their respective positions that the claims were mailed and not received. Plaintiff, however, has offered no evidence to rebut defendants' assertion that the claims were never actually received.

■ As an administrative precondition to suit, the FTCA requires the filing of a claim with the appropriate Federal agency or department; in the instant case, the claim would be filed with the Department of Labor. 28 U.S.C. § 2675 and 29 C.F.R. § 15.4. The relevant sections of the statute and the regulations use the term "presented to" when referring to the claim, that is, that the claim must be presented to a Federal agency. The term "presented to" is defined elsewhere in the regulations as follows: "... a claim shall be deemed to have been

presented when the Department *receives* ..." such a claim. 29 C.F.R. § 15.4 (emphasis added).

■ The Court accepts as facts that the letters were mailed and were not received. The crucial question is whether, under the circumstances, they were "presented" as required by the statute and regulations. The Court concludes that, through no fault of plaintiff, the claims were not "presented." The Government, when talking about a waiver of sovereign immunity, can put reasonable limits upon such waiver. The reasonable limits that they put here are not that a missive, a letter or a claim, is headed in the Government's direction, but that the letter or claim is actually received by the Government so that it can take appropriate action. Plaintiff's claim simply was not received. *Steele v. United States*, 390 F.Supp. 1109, 1111 (S.D.Cal.1975); *Kirby v. United States*, 479 F.Supp. 863, 867 (D.S.C.1979).

As the Court has decided that the FTCA does not encompass constitutional torts, that neither the Constitution nor statutes of the Commonwealth of Virginia provide plaintiff with a cause of action for the alleged sex discrimination, and that the jurisdictional prerequisite to suit of filing a claim has not been met, the charge against the United States Department of Labor is dismissed.

### Title VII

The Government also moves this Court to dismiss the Title VII claim against the Messrs. Bodnar and Jaffe. The Government argues that the complaint fails to state a claim upon which relief can be granted and, alternatively, that the jurisdictional prerequisites to suit have not been met.

■ With respect to this charge against the Federal officials, Messrs. Bodnar and Jaffe in their individual capacities, the Court finds that plaintiff's view of the law is incorrect.[4] Title VII of the Civil Rights

---

4. In the original complaint, allegations were

made against Messrs. Bodnar and Jaffe in their

Act of 1964 prohibits unlawful employment practices by an employer. 42 U.S.C. §§ 2000e, *et seq.* None of the definitions of "employer" in Title VII are applicable to Messrs. Bodnar and Jaffe as individuals. Plaintiff was at all relevant times an employee of AVCO Corporation. Defendants Bodnar and Jaffe were the Labor Department officials responsible for monitoring the performance of AVCO. While there is some authority for the proposition that entities who exercise significant control over the employment situation may be proper defendants in a Title VII action, *see, e. g., Sibley Memorial Hospital v. Wilson,* 488 F.2d 1338 (D.C.Cir.1973), the uncontroverted affidavits of these two defendants establish that they did not have the kind of relationship with the employees of AVCO which would bring them within the line of cases on which plaintiff relies.

Second, in order to bring a claim under Title VII, plaintiff must first file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). The Court is without jurisdiction over an employment discrimination action under Title VII where the plaintiff in the action has not filed the necessary employment discrimination charge against the discriminating employer. *Brown v. GSA,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *United Air Lines v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). In the instant case, the Court finds that, even if Messrs. Bodnar and Jaffe were employers, they were not named by plaintiff in the charge she filed with the EEOC nor were they named in the letter later written to the EEOC seeking inclusion in the charge of the Department of Labor as employer. Thus, the jurisdictional prerequisite to the Title VII suit has not been met and this claim is dismissed.

*Bivens and § 1985 Claims*

Finally, only the 42 U.S.C. § 1985 claim and the *Bivens*-style claim remain to be decided. The Government argues that summary judgment should be granted as to these claims because Messrs. Bodnar and Jaffe are protected by the doctrine of qualified or good faith immunity. To this end, the Government has provided affidavits and accompanying documents detailing the involvement of Messrs. Bodnar and Jaffe with plaintiff and her discharge.

The immunity claimed by the Government for these defendants, while not absolute, does provide that when the official shows that he acted with good faith in the performance of his duties, he is not liable for money damages. *Butz v. Economou,* 438 U.S. 478, 507, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978). In order to determine if this immunity is available to officials, the Court must decide whether, in light of all the circumstances, the officials acted with a good faith belief that their actions were proper and that that belief was a reasonable one. *Scheuer v. Rhodes,* 416 U.S. 232, 247–48, 94 S.Ct. 1683, 1691–92, 40 L.Ed.2d 90 (1974); *Butz v. Economou, supra* at 506–07, 98 S.Ct. at 2910–11. The Government further argues that the Supreme Court has strongly supported the dismissal of claims by summary judgment against officials who meet the burden of showing they acted in good faith citing *Butz, supra* at 507–08. Plaintiff argues that the section of the *Butz* opinion regarding dismissal of claims by summary judgment is dictum and of no application here and that the affidavits furnished by defendants are insufficient to show good faith.[5]

If the *Butz* dictum is ever to provide a court with guidance on a case, if, indeed, there is ever to be an economical means of ridding the Government of claims on a motion for summary judgment, this has to be one of those cases. There are

---

official capacities as well. However, during oral argument, plaintiff's attorney conceded that the only remaining aspects of the case were against the named Federal officials in their individual capacities. Therefore, all

claims against Messrs. Bodnar and Jaffe in their official capacities are dismissed.

5. Plaintiff submitted no affidavits or other evidence to controvert defendants' affidavits.

before the Court affidavits in which these defendants state they were performing their duties in monitoring AVCO's operation of the Old Dominion Job Corps Center. They found problems at the Center and made recommendations or demands, as they were required by their employment to make, that something be done to correct the problems. When the contractor, AVCO, came forward with a proposal to correct the situation, the Federal defendants approved the plan. Those are circumstances which indicate that the defendants were well within the perimeter of their employment. The affidavits which Messrs. Bodnar and Jaffe filed show that there was a completely nondiscriminatory basis for their action and this has not been refuted by an affidavit to the contrary. Their action was clearly reasonable under the circumstances or certainly appeared to be reasonable given the nature of the problems they encountered at the Center. The gross misconduct of the students, the destruction of government property, the apparent lack of any reasonable discipline, the potential for violent behavior in the dormitories, did not just happen. Someone had to be responsible. Thus, there was reason to believe that people were not doing their jobs properly, and AVCO determined that one of those people was Ms. Barlow, and they fired her. The Federal defendants approved of AVCO's proposed terminations. Messrs. Bodnar and Jaffe have shown that they acted with the good faith belief that their actions were proper and that that belief was a reasonable one. Summary judgment is granted to Messrs. Bodnar and Jaffe on the claims under section 1985 and the *Bivens* theory.

In summary, the United States Department of Labor and Messrs. Bodnar and Jaffe, in their individual capacities, are dismissed as parties defendant, and the motion for summary judgment is granted to those persons on the *Bivens* and section 1985 claims.