**James OWENS, Plaintiff,**

v.

**UNITED STATES of America and United States Postal Service, Defendants.**

**Civ. A. No. C81–1686A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Jan. 28, 1982.

ORDER

SHOOB, District Judge.

This Federal Tort Claims Act (the Act), 28 U.S.C. § 2671, *et seq.*, case arises out of an automobile accident involving plaintiff and an employee of the U.S. Postal Service, on October 7, 1978. Defendants seek dismissal of plaintiff's complaint, arguing, pursuant to 28 U.S.C. § 2401(b), that plaintiff has failed to file a timely administrative claim and therefore the Court lacks subject matter jurisdiction.

Section 2401(b) of Title 28 provides as follows:

A tort claim against the United States shall be forever barred unless it is *presented* in writing to the appropriate

Federal *agency* within two *years* after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

(Emphasis added.) Pursuant to the Act, the United States Postal Service adopted "Procedures to Adjudicate Claims for Personal Injury or Property Damage Arising out of the Operation of the U. S. Postal Service", 39 C.F.R. § 912. Section 912.4 provides as follows:

A claim is usually filed with the postmaster of the office within the delivery limits of where the accident happened, but *may be filed at any office of the Postal Service*, or sent directly to the Assistant General Counsel, Claims Division, U.S. Postal Service, Washington, D. C. 20260.

(Emphasis added.) Section 912.5(a) provides, inter alia, as follows:

For purposes of this part, a claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain...

In *Steele v. United States*, 390 F.Supp. 1109, 1111 (S.D.Cal.1975), the court held that mailing the claim within the two-year period to the agency was not sufficient to meet the requirement of 28 U.S.C. § 2401(b) when the agency received the claim after the said period had expired. There, plaintiff mailed his claim to the Federal Aviation Administration and the U. S. Attorney on the last day of the two-year period. *Id.* at 1110.

The accident giving rise to this action took place on October 7, 1978. On October 6, 1980, plaintiff's counsel states that he took three claim forms in addressed envelopes to the downtown Atlanta post office, located at 77 Forsyth Street. Affidavit of Harold A. Miller, III, at ¶ 2. Allegedly, two of the said forms were accepted for mailing and postmarked October 6, 1980.

*Id.* at ¶ 3. However, according to Mr. Miller, the envelope containing the third form, which was marked "Hand Delivery" and addressed to the Postmaster, Federal Annex, Post Office, 77 Forsyth Street, Atlanta, Georgia, was not accepted by the Postal Service employee who had just accepted the two other envelopes for mailing. *Id.* at ¶¶ 4 and 5.

Assuming the facts are as presented by plaintiff's counsel, as we must for purposes of ruling on defendants' motion to dismiss, the Court finds that plaintiff has complied with 28 U.S.C. § 2401(b). First, pursuant to 39 C.F.R. § 912.4, plaintiff can properly present his claim "at any office of the Postal Service", which clearly includes the downtown Atlanta post office. Accordingly, 39 C.F.R. § 912.4 requires the Postal Service to accept delivery of a Federal Tort Claim against it at any of its offices. Therefore, the Postal Service employee's failure to accept the said claim was in violation of 39 C.F.R. § 912.4. Thus, the Court finds that plaintiff complied with 39 C.F.R. § 912.5(a) by tendering the envelope, containing the third claim form, to the postal employee and requesting a receipt.

As a result, defendants' motion to dismiss is hereby DENIED.