**Linda R. CRACK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 88–0806–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Sept. 12, 1988.

Mark Thomas Crossland, Woodbridge, Va., for plaintiff.

Paula P. Newett, Asst. U.S. Atty., Alexandria, Va., for defendant.

## MEMORANDUM OPINION

ELLIS, District Judge.

### Introduction

In this Federal Tort Claims Act (FTCA)[1] case, settled statutory construction compels a seemingly harsh result. Plaintiff, injured in an accident involving a Marine Corps vehicle, attempted to submit the requisite administrative claim by mail. It was never received. The question presented, therefore, is whether a claim that has been mailed, but not received, has been "presented to"[2] the proper agency or department as required by the FTCA. Settled authority provides the answer: it has not. Accordingly, this Court concludes that plaintiff's claim must be dismissed. Because more than two years have passed since the accident, plaintiff cannot now cure this defect; her claim is time barred.

The matter is before the Court on the government's motion to dismiss for lack of subject matter jurisdiction.[3] *See* Rule 12(b)(1), Fed.R.Civ.P. Because matters outside the complaint have been presented, however, the motion is treated as one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This is appropriate given that the dispositive facts are undisputed.[4]

### Facts

On the afternoon of April 16, 1985, plaintiff Linda R. Crack was injured in an automobile accident in Fairfax County, Virginia. The driver of the other vehicle was Cyndi Arnett, then an active duty Marine Corps Lance Corporal serving as a driver with the Marine Corps Development and Education Command (MCDEC) at Quantico, Virginia. At the time of the accident Corporal Arnett was on official business, transporting a handicapped military dependent child from school to home in a government vehicle.

■ Plaintiff apparently sustained injuries as a result of the accident and sought to assert a claim against the government for these injuries. On June 10, 1985, plaintiff's counsel sent a regular mail letter to the Commanding Officer, Naval Legal Service Office (NLSO), Washington Navy Yard, Washington, D.C. 20005, giving notice of a claim against the federal government under the FTCA in the amount of $100,000.00. The NLSO is an appropriate recipient of FTCA administrative claims; it is responsible for processing all FTCA claims arising from incidents occurring in the Washington, D.C. metropolitan area. *See Manual of the Judge Advocate General of the Navy*, §§ 2035, 2080. On the same date, June 10, 1985, plaintiff's counsel also sent a letter to Motor Transport, MCDEC, Quantico, Virginia 22134. This second letter did not give proper notice of a claim,[5] but simply advised the recipient that

---

1. 28 U.S.C. §§ 2671, *et seq.; see also* 28 U.S.C. §§ 1346(b), 2401(b).

2. 28 U.S.C. § 2675.

3. Pursuant to 28 U.S.C. § 1402(b), FTCA actions may be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." In this case, the accident occurred within the Eastern District of Virginia; venue is, therefore, appropriate.

4. At oral argument, the Court focused sharply on the dispositive administrative claim issue and gave the parties an opportunity to file whatever additional matters they deemed appropriate. *See Crack v. United States*, No. 88–0806–A (E.D.Va. Aug. 5, 1988) (Order). The plaintiff filed a memorandum containing additional authorities, but did not dispute any of the dispositive facts. The facts recited here are those found by the Court pursuant to Rule 52(a), Fed.R.Civ.P.

5. Proper notice of claim requires at least the amount claimed and the identity of the government agency or activity involved. *See Henderson v. United States*, 785 F.2d 121, 124 n. 10 (4th Cir.1986) (written notification of a claim for a specific sum against the Government must be received by the agency from the claimants); *College v. United States*, 572 F.2d 453, 454 (4th Cir.1978) (per curiam) (letter that failed to state claim for sum certain held insufficient notice of claim); *Bailey v. United States*, 642 F.2d 344, 346 (9th Cir.1981) (same as *Henderson*). The regulations require more, including a detailed description of the occurrence, the exact amount of damages sought, and an express undertaking to accept the amount claimed in full and final satisfaction of the claim. *See* 32 C.F.R. §§ 750.12–750.13 (1986). The second letter provided none of this information.

plaintiff was represented by counsel and requested that the person handling the case contact plaintiff's counsel. Neither letter was received.[6] Nor did plaintiff's counsel receive a letter of response from any government representative.

While the NLSO never received plaintiff's June 10 letter, it did have actual notice of the accident. It received from MCDEC, pursuant to regulation, a copy of an investigation report pertaining to the incident. The MCDEC report in NLSO's file also indicated that no claim against the government had been received.

On April 15, 1987,[7] plaintiff filed a lawsuit against Ms. Arnett in the Circuit Court of Fairfax County, alleging that Arnett's negligence proximately caused plaintiff to sustain serious injuries, permanent disability and loss of earning capacity. By a letter dated August 12, 1987, plaintiff's counsel forwarded a copy of the Motion for Judgment by regular mail to Motor Transport, MCDEC, Quantico, Virginia. The United States removed the action to this court and successfully moved to substitute the United States as the proper party defendant in lieu of Ms. Arnett. *See* 28 U.S.C. § 2679(b); *Wilkinson v. United States*, 677 F.2d 998, 999 (4th Cir.1982) (FTCA prohibits action against a federal driver individually). Thereafter, the government, after

verifying that no administrative claim had ever been received, filed the dismissal motion that is the focus of this Memorandum Opinion.

## Analysis

■ Plaintiff argues that the mailing of the June 10, 1985 letters constitutes legally sufficient presentment of her claim to the Department of the Navy. This interpretation of "presentment" is squarely rejected by the statutory language, legislative history, administrative regulations, and settled case law.

The controlling FTCA language is straightforward. It states:

> An Action shall not be instituted upon a claim against the United States for money damages ... *unless the claimant shall have first presented the claim to the appropriate Federal agency* and his claim shall have been finally denied by the agency in writing....

28 U.S.C. § 2675(a) (emphasis added). "Presented" must be taken to have its commonly understood meaning: laid before [8], handed to or delivered.[9] Presentment definitionally requires receipt; sending or mailing is not enough. *See* 32 C.F.R. § 750.34(b) (1986); *Bailey v. United States*, 642 F.2d 344, 346–47 (9th Cir.1981);

---

**6.** The government submitted three affidavits in support of its assertion that no claim was received. Lieutenant Commander Helen Thompson, Senior Claims Officer at the NLSO, is the officer in charge of NLSO's processing of all federal tort claims arising from incidents in the Washington, D.C. metropolitan area. According to her affidavit, standard NLSO procedure requires that, whenever correspondence is received concerning a possible FTCA claim, the NLSO (1) open a claim file, (2) assign to the file a claim number, and (3) respond in writing, providing to the potential claimant a standard information form to complete and return. Commander Thompson verified that a search of NLSO files from 1985 to present time failed to uncover any documentation from plaintiff or her attorney. Lieutenant Shelley Spratt, an FTCA attorney in the Judge Advocate General's Corps for the Navy, and Linda Jenkins, custodian of all FTCA claim records for the NLSO in Washington, D.C., confirmed that no administrative claim had been filed under plaintiff's name during the relevant period.

**7.** Plaintiff claims that the Motion for Judgment was filed on April 15, 1987; a copy was allegedly sent to Motor Transport, MCDEC, with a letter from plaintiff's attorney on August 12, 1987. The clerk of the Circuit Court of Fairfax County, Virginia, however, issued notice of the Motion for Judgment on April 15, *1988;* service of that notice was mailed by the Virginia Commissioner of the Department of Motor Vehicles to Cyndi Arnett on April 26, 1988. According to the Government, Ms. Arnett actually received that notice on or about May 2, 1988.

It is not necessary, however, for this Court to resolve the dispute over dates. Filing of a suit is insufficient notice of a claim for FTCA purposes, *see Henderson v. United States*, 785 F.2d 121, 124 (4th Cir.1986); therefore, the date on which the suit was filed is not relevant to the Court's resolution of this case.

**8.** Webster's New Collegiate Dictionary 930 (9th ed. 1985).

**9.** Oxford Universal Dictionary 1574 (1955); Black's Law Dictionary, 1346–47 (4th ed. 1957).

*Barlow v. Avco Corp.*, 527 F.Supp. 269, 273 (E.D.Va.1981); *Steele v. United States*, 390 F.Supp. 1109, 1111–12 (S.D.Cal.1975).

Congress underscored this point by making presentment and administrative disposition of a claim a prerequisite to suit. *See* 28 U.S.C. § 2675(a); 32 C.F.R. § 750.33 (1986). By requiring that administrative remedies first be exhausted, Congress intended "to improve and expedite disposition of monetary claims against the Government by establishing a system for prelitigation settlement, to enable consideration of claims by the agency having the best information concerning the incident, and to ease court congestion and avoid unnecessary litigation." *Meeker v. United States*, 435 F.2d 1219, 1222–23 (8th Cir.1970) [citing S.Rep. No. 1327, 89th Cong., 2d Sess., *reprinted in* 1966 U.S. Code Cong. & Admin. News 2515, 2515–16]. Unless a claim is received by the agency, there can be no agency disposition as contemplated by the statute. If "presented" were not construed to require receipt, the result would be frustration of the statutory goal of ensuring an opportunity prior to suit for administrative disposition of FTCA claims. "Presented" must, therefore, include receipt; it is central to the statutory purpose.

Similarly, relevant regulations expressly confirm that "presentment" requires actual receipt of the claim by the appropriate federal agency. Under the regulations governing actions against the Department of the Navy, a proper claim has been made "when the Navy *receives* from a claimant ... written notification of an incident, together with a claim for money damages in a sum certain." 32 C.F.R. § 750.34(b) (1986) (emphasis added).[10]

The Fourth Circuit has yet to decide this precise issue. Authority in the Eastern District of Virginia and in other jurisdictions, however, provides uncontradicted support for this interpretation. In a strikingly similar case, *Barlow v. Avco Corporation*, a district court in the Eastern District of Virginia held that letters mailed, but not received, had not been "presented" to the Government. *See Barlow v. Avco Corp*, 527 F.Supp. 269 (E.D.Va.1981). The *Barlow* court specifically noted that

> [t]he Government, when talking about a waiver of sovereign immunity, can put reasonable limits upon such waiver. The reasonable limits that they put here are not that a missive, a letter or a claim, is headed in the Government's direction, but that the letter or claim is actually received by the Government so that it can take appropriate action.

*Barlow*, 527 F.Supp. at 273. As in the instant case, it was undisputed that the plaintiff in *Barlow* had mailed letters notifying the Department of Labor of her claim; those letters, "through no fault of plaintiff," were never received. The *Barlow* court found that plaintiff's claims had, therefore, not been "presented" to the Government within the two year statutory period, and her claims were dismissed. *Id.* at 275.

The decisions of other jurisdictions coincide with the result in *Barlow*. In *Bailey v. United States*, for example, the Ninth Circuit squarely held that mailing alone was not sufficient "presentment" of a claim. 642 F.2d 344, 347 (9th Cir.1981). An earlier case in the Southern District of California similarly rejected the argument that the deposit of a letter in a mailbox of the United States Postal Service constituted receipt or presentment of a claim to a federal agency. *See Steele v. United States*, 390 F.Supp. 1109, 1111–12 (S.D.Cal. 1975).[11] In each of these cases, the actual receipt of the claim by the agency was found to be statutorily required. *See Bailey*, 642 F.2d at 347; *Steele*, 390 F.Supp. at 1111–12.

---

**10.** Section 750.34(b) further notes that, for purposes of determining the time period in which suit may be filed after denial of an administrative claim, "a claim shall be deemed to have been filed when it is *received* by the appropriate Federal agency."

**11.** *Cf. Henderson v. United States*, 785 F.2d 121, 124 (4th Cir.1985) (filing of a state suit is not sufficient notice to constitute "presentment"); *Rogers v. United States*, 675 F.2d 123, 124 (6th Cir.1982) (per curiam) (filing of state suit, later removed to federal court, is insufficient "presentment" even though plaintiff did not know of defendant's federal employment).

■ The burden for demonstrating that a claim has been presented rests squarely with the plaintiff.[12] To that end, plaintiff offers no evidence to rebut the Government's proof that the letters were never received. Rather, she asserts that the Government had sufficient notice to begin an investigation notwithstanding the failure of receipt, noting that the NLSO had already opened a file on the incident and had received notice of the Motion for Judgment. Contrary to plaintiff's position, however, the law places no burden on the defendant to initiate independently the claims process. *See Henderson v. United States*, 785 F.2d 121, 124–25 (4th Cir.1986).

■ Presentment of a claim to the appropriate federal agency within two years after the incident from which the claim arose is a jurisdictional requirement and cannot be waived. 28 U.S.C. §§ 2401(b) and 2675(a) (1987); *Wilkinson v. United States*, 677 F.2d 998, 1000 (4th Cir.1982); *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir.1976). Because plaintiff failed to present her claim to the Department of the Navy within the two year limit, her claim must, therefore, be dismissed.

The Court acknowledges that the dismissal of plaintiff's claim denies her the opportunity to seek relief for what may very well be a meritorious claim for relief. Such a harsh result, however, is compelled by the statute of limitations specifically imposed by Congress in the FTCA. It is unavoidable, as the Supreme Court has noted, that "statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims. But that is their very purpose, and they remain as ubiquitous as the statutory rights or other rights to which they are attached or are applicable." *United States v. Kubrick*, 444 U.S. 111, 126, 100 S.Ct. 352, 361, 62 L.Ed.2d 259 (1979).[13]

### Conclusion

Accordingly, defendant's motion for summary judgment is granted.

---

12. Under the guidelines set forth by the Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), once the party moving for summary judgment has demonstrated the absence of a genuine issue of material fact on a dispositive issue, the burden is on the nonmoving party to show specific material facts which remain at issue. *Id.* at 2553. Plaintiff has failed to meet that burden in this case, and the Government is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

13. *See also Wilkinson*, 677 F.2d at 1001, where the Fourth Circuit dismissed a similar claim for failure to present within the two year limit and admitted that,

This is not to say that we rejoice in the result, for we are left with the strong impression that Wilkinson has been denied the right to pursue his claim for injuries for reasons which were not, viewed as a whole and not simply as between himself and the United States, his fault.