**Randall STEWART, Plaintiff,**

**v.**

**The UNITED STATES VETERANS ADMINISTRATION and the United States of America, Defendants.**

**No. 88–2806–TUB.**

United States District Court,
W.D. Tennessee, W.D.

Sept. 15, 1989.

James S. Cox, Memphis, Tenn., for plaintiff.

Joe A. Dycus, Asst. U.S. Atty., Memphis, Tenn., for defendants.

## ORDER ON MOTION TO DISMISS COMPLAINT, OR ALTERNATIVELY FOR SUMMARY JUDGMENT

TURNER, District Judge.

This is a suit brought under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, which seeks to impose liability upon the United States of America and the United States Veterans Administration for alleged malpractice of one of the physicians who treated the plaintiff on or about January 24, 1985 when plaintiff's appendix ruptured causing abdominal abcesses and infection which resulted in a large ventral hernia and other complications.

The United States of America has moved to dismiss this complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (2) on the basis that the court lacks jurisdiction over the subject matter of this suit and the person of the defendant because the plaintiff's complaint was not timely filed.

Alternatively, defendant United States of America moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the ground that there is no genuine issue as to any material fact regarding the failure of the plaintiff to timely file the complaint in this case. Defendant United States of America has attached affidavits to the motion which basically affirm the facts regarding the filings of the various papers relative to this case.

As noted, the claim arose on or about January 24, 1985 when plaintiff was treated by doctors who were employed by the Veterans Administration. In January of 1987, plaintiff timely submitted an administrative claim for injuries as a result of the alleged medical negligence. Plaintiff's claim was rejected by the district counsel for the Veterans Administration by certified mail forwarded on July 27, 1987.

That letter correctly informed the claimant's attorney that he had six months within which to initiate a lawsuit in the United States District Court if plaintiff was dissatisfied with the district counsel's decision. The letter also noted that, prior to the expiration of six months from the date of mailing of the notice of final denial, the plaintiff could request reconsideration of the claim by filing a request with the Veterans Administration. By letter postmarked January 25, 1988, and received by the Veterans Administration on February 1, 1988, plaintiff through his counsel did indeed request reconsideration. The reconsideration was denied on April 13, 1988 as being untimely filed. Thereafter, this suit was filed on October 13, 1988.

28 U.S.C. § 2401(b) provides:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 C.F.R. § 14.9(b) provides:

Prior to the commencement of suit and prior to the expiration of the 6–month period provided in 28 U.S.C. 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section. *Upon the timely filing of a request for reconsideration* the agency shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration. Final agency action on a request for reconsideration shall be effected in accordance with the provisions of paragraph (a) of this section. (Emphasis added).

28 U.S.C. § 2675(a) provides:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

It will be noted from the facts stated above that the Veterans Administration received from the plaintiff's attorney on February 1, 1988 a letter postmarked January 25, 1988 requesting reconsideration of plaintiff's administrative claim. As noted, that claim was denied as untimely on April 13, 1988 and thereafter, exactly six months later, the complaint was filed on October 13, 1988.

Although plaintiff's request for reconsideration was postmarked within six months from the date of the district counsel's denial of plaintiff's administrative claim, the request for reconsideration was not received within that six-month period. The regulation which provides for an extension of the statutory filing time in order to allow for a request for reconsideration provides that the request for reconsideration must be filed.

It is clear that the term "filed" encompasses the receipt of the document by the office or person with whom the document is being filed. *See Bailey v. United States*, 642 F.2d 344 (9th Cir.1981); *Steele v. United States*, 390 F.Supp. 1109, 1112 (S.D.Cal.1975). In this case, however, the agency did not receive the request for reconsideration within six months and the time had therefore expired. Under such circumstances, the plaintiff was required to institute suit within six months following

the agency's denial on July 27, 1987 which was not done.

Failure to file suit within the time provided by the statute is jurisdictional. *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981).

Under these circumstances, the court is compelled to conclude that the action is untimely and that the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) must be granted.

IT IS SO ORDERED.