953 F.2d 638
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard HENDERSON, Jr., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-2672.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 12, 1991.
Decided Jan. 17, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond, No. CA-91-309-3, Richard L. Williams, District Judge.
 Richard Henderson, Jr., appellant pro se.
 Debra Jean Prillaman, Assistant United States Attorney, Richmond, Va., for appellee.
 E.D.Va.
 VACATED AND REMANDED.
 Before WILKINSON and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Henderson, Jr., appeals from a district court order dismissing without prejudice his action seeking relief under the Federal Tort Claims Act. Henderson sought the return of various items of personal property allegedly confiscated by Federal Bureau of Investigation (FBI) agents during the execution of a search warrant. The district court found that Henderson failed to invoke the court's jurisdiction by failing to demonstrate that he had filed a proper administrative claim with the FBI before filing an action in federal court. We vacate this determination and remand for further consideration.
 
 
 2
 Henderson was required, under 28 U.S.C.A. § 2675(a) (West 1965 & Supp.1991), to present his claim to the agency before filing suit in federal district court. See Gould v. Department of Health and Human Servs., 905 F.2d 738 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3460 (U.S.1991). To satisfy this requirement, Henderson had only to provide written notice of an incident which was sufficient to enable the agency to investigate and which placed a value on his claim. See GAF Corp. v. United States, 818 F.2d 901 (D.C.Cir.1987); Adams v. United States, 615 F.2d 284 (5th Cir.), clarified, 622 F.2d 197 (5th Cir.1980). In this case, the government conceded that Henderson provided written notice identifying the property items at issue and requesting their return, but maintained that Henderson failed to file a proper administrative claim because he failed to place a value on the property in question.
 
 
 3
 After the district court entered an order finding that Henderson failed to file a proper administrative claim and dismissing the action without prejudice, Henderson submitted to the district court a "reply brief" supported by a letter he allegedly sent to the FBI in February 1988 which listed each item of property allegedly confiscated and placed a specific monetary value on each item. Without addressing the contents of the letter, the district court construed Henderson's reply brief as a motion to vacate its earlier order and denied the motion based on its previous holding that Henderson had failed to file a proper administrative claim.
 
 
 4
 Henderson's February 1988 letter clearly places a value on his claim and thus undercuts the only basis relied on by the government for its position that Henderson failed to satisfy the exhaustion requirement. See Crow v. United States, 631 F.2d 28 (5th Cir.1980). If the agency received this letter, see Crack v. United States, 694 F.Supp. 1244 (E.D.Va.1988), its contents provided sufficient information for the agency to investigate the claim. We therefore vacate the district court's determination that Henderson failed to file a proper administrative claim and remand for further consideration of this issue. We note that the force of the government's position that Henderson did not file a proper claim is qualified by the government's failure to apprise Henderson of the deficiencies of his claim, if any existed. See GAF Corp., 818 F.2d at 915, 916.
 
 
 5
 Should the district court find that Henderson's February 1988 letter constituted the filing of a proper claim, the court will have jurisdiction to consider Henderson's action, since the agency will have failed to act within six months of its filing. See 28 U.S.C. § 2675(a); Free v. United States, 885 F.2d 840 (11th Cir.1989). Accordingly, the decision of the district court is vacated and the case is remanded for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.