### 63246. COUNIHAN v. DEPARTMENT OF TRANSPORTATION OF GEORGIA et al.

McMurray, Presiding Judge.

This is a wrongful death action filed by the temporary administrator of the estate of the deceased who was killed in Chatham County in a motor vehicle collision when decedent's automobile slid on ice and was struck by several other vehicles. The named defendants were the Department of Transportation of Georgia, Chatham County, i.e., Chatham County Commissioners, the Administrator of Chatham County Public Works, individually and in that capacity, the Chatham County Administrator, individually and in that capacity, and the Chief of Chatham County Police, individually and in his capacity as chief of the county police. The deceased allegedly met her death as she approached the Bull River Bridge located on a highway within the County of Chatham, State of Georgia, when she lost control of her vehicle as the result of ice which the defendants had allegedly negligently allowed to accumulate on the bridge roadway causing the collision with the bridge and other vehicles, the decedent suffering fatal injuries as the result of same.

The suit against the Department of Transportation is based upon Code Ann. §§ 95A-304 and 95A-305 (Ga. L. 1973, pp. 947, 983; 1974, pp. 1422, 1428), which has reference to suits directly against the department, as well as the liability of the department for certain suits against counties.

In addition to the answers filed denying the claims both the Department of Transportation and Chatham County Commissioners filed motions to dismiss based upon sovereign immunity. After consideration of the motions to dismiss, in two separate orders, the trial court dismissed the action based on the ground of sovereign immunity as to the Department of Transportation and as to the remaining defendants, county commissioners, county police chief, county administrator and county public works chief, on the same ground. Plaintiff appeals. *Held:*

1. It is elementary that one cannot sue the state without the state's consent. However, it is the contention of the plaintiff that Code Ann. §§ 95A-304 and 95A-305, supra, constitute the consent of the sovereign to allow the Department of Transportation to be sued in a wrongful death action such as here. We cannot agree based upon

such cases as *Tounsel v. State Hwy. Dept.,* 180 Ga. 112, 116 (178 SE 285); *State Hwy. Dept. v. McClain,* 216 Ga. 1, 6 (114 SE2d 125); *Sikes v. Candler County,* 247 Ga. 115 (274 SE2d 464); *Mayor &c. of Savannah v. Palmerio,* 242 Ga. 419 (249 SE2d 224); *Miree v. United States of America,* 242 Ga. 126 (249 SE2d 573); *Crowder v. Dept. of State Parks,* 228 Ga. 436, 439, 440 (185 SE2d 908). Compare *National Distributing Co. v. Dept. of Transp.,* 157 Ga. App. 789 (278 SE2d 648), affd. s.c. 248 Ga. 451 (283 SE2d 470) (said case involving an ex contractu action rather than ex delicto).

2. The above and foregoing cases with reference to the Department of Transportation, as a subdivision of the state, likewise applies to the County of Chatham, i.e., the Chatham County Commissioners, as representatives of the state in their official capacity. See *Revels v. Tift County,* 235 Ga. 333 (219 SE2d 445); *Crowder v. Dept. of State Parks,* 228 Ga. 436, 439 (2), supra; *Roberts v. Barwick,* 187 Ga. 691 (2), 695 (1 SE2d 713). Compare *Duffield v. DeKalb County,* 242 Ga. 432 (249 SE2d 235). We are of the opinion that the law still is that there has been no waiver of sovereign immunity by legislation or otherwise or by court decree in order that the suit in the case sub judice may be maintained.

3. The three other officials of Chatham County in their official capacity are likewise clothed with governmental immunity based on such cases as *Roberts v. Barwick,* 187 Ga. 691 (2), supra; *Hennessy v. Webb,* 245 Ga. 329, 330 (264 SE2d 878); and *Holloway v. Dougherty County School System,* 157 Ga. App. 251 (277 SE2d 251), wherein the application of sovereign immunity to individuals in their official capacity was also considered. Under the above authority, we see no error in the court dismissing the complaint as to them in their capacity as officials of the county. That is, as "County Police Chief, County Administrator and County Public Works Chief." We presume there has been no dismissal of the defendants sued in their individual capacity and make no ruling thereon.

Until such time as the General Assembly or the case law authorizes such a suit against the state we are bound by the above decisions and find no authority in the briefs which would authorize us to reverse the trial court.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED APRIL 21, 1982 —
REHEARING DENIED MAY 19, 1982 —

*Joseph B. Bergen, John J. Sullivan,* for appellant.
*Michael J. Bowers, Attorney General, Marion O. Gordon, Senior*

*Assistant Attorney General, Robert S. Stubbs II, Executive Assistant Attorney General, Roland F. Matson, Assistant Attorney General, Fred S. Clark,* for appellee