72854. DEPARTMENT OF TRANSPORTATION v. LAND et al.
(351 SE2d 470)

BEASLEY, Judge.

Land sued the Department of Transportation, five named DOT agents, and appellee Whitfield County, seeking damages for his injuries and for his wife's wrongful death in an automobile collision in June 1984, at the intersection of Georgia Highways 52 and 286 in Whitfield County. The complaint alleged that the collision occurred because of improper design specifications and maintenance provided

jointly by DOT and the county in setting and prescribing the configuration of the time sequence of the intersection traffic signal; and that the direct and proximate cause of his injuries and Mrs. Land's death was the negligence of Whitfield County and its agents, acting by and through DOT and its agents, in designing, erecting, maintaining and failing to correct the dangerous condition thereby created.

DOT answered denying liability under the doctrine of sovereign immunity and cross-claimed against Whitfield County asserting that DOT had issued the county a permit to erect, maintain and operate the traffic signal. Whitfield County cross-claimed and moved for summary judgment against DOT, asserting that Georgia Highway 52 had been designated by DOT as part of the state highway system and thus the county was entitled under OCGA § 32-2-6 to the cost of defense of the action and indemnity from DOT for any damages that might be awarded.

After a hearing on these and other motions for partial summary judgment not in issue here, the trial court entered an order in pertinent part granting the county's motion and directing DOT to furnish a defense for Whitfield County and to pay any judgment which might be obtained by Land. The court stated that the county had waived sovereign immunity by purchasing liability insurance in the amount of $500,000, but it made no determination as to DOT's right to seek indemnity from the county's insurer since that issue was not before it. DOT appeals, contending that the trial court erred in concluding that OCGA § 32-2-6 was applicable and in granting summary judgment to the county under it.

DOT disputes the applicability of the statute because Land alleged that certain acts or omissions by the county, not DOT, were the proximate cause of the injuries complained of, and thus he was not attempting to impute liability to the county because of actions of DOT or its employees as contemplated by the statute. The statute recites, inter alia, that DOT "shall defend any action and be responsible for all damages awarded therein in any court of this state against any county under existing laws whenever the cause of action accrues on a public road which at the time of accrual had been designated by [DOT] as a part of the state highway system. . . ." OCGA § 32-2-6.

DOT asserts that the purpose of the statute as originally enacted (Ga. L. 1919, pp. 242, 249, § 2) was to protect a county, which remained liable for damages under existing law to a person injured on a highway under the jurisdiction of the state highway department, by allowing the county to "vouch" the highway department into court to become responsible for the damages awarded against the county; that the operative statutory language has remained substantially the same throughout its various enactments (Code Ann. § 95A-305 (Ga. L. 1973, pp. 947, 983); Code Ann. § 95-1710 (Ga. L. 1957, pp. 592, 594);

Code § 95-1710 (Ga. L. 1933, pp. 31, 32)); and that the purpose of the statute, to indemnify the county's liability for acts or omissions of DOT, has remained constant. See *Lincoln County v. Gazzaway*, 43 Ga. App. 358 (1) (158 SE 647) (1931). However, the trial court expressly stated in its order that the statutory language in issue "permits of only one construction and that is a literal construction," noting that the court was thus "presented with a problem created by imprecise legislative drafting of changes [in] the Constitution and statutes of the State of Georgia by acts of the legislature without properly and sufficiently considering the consequences." DOT insists that the trial court ignored the history and intent of the law, which must be considered and adopted in its application. DOT further contends that by ordering it to defend and pay any judgment entered against the county, the court in essence ruled that the county, by its purchase of liability insurance covering its own acts but not those of DOT, waived DOT's sovereign immunity in contravention of state law because the 1983 Georgia Constitution's waiver of immunity was not effective when present OCGA § 32-2-6 was enacted.

DOT's arguments do not compel a reversal of the order for the reasons complained of. These contentions were decided adversely to DOT in *Sikes v. Candler County*, 247 Ga. 115 (274 SE2d 464) (1981), a wrongful death action in which the passenger was killed when an automobile skidded into a bridge abutment on a state highway in Candler County maintained under the DOT's control and supervision. The complaint named both Candler County and DOT as defendants. DOT moved to dismiss the complaint against it on the ground of sovereign immunity; Candler County moved to dismiss the complaint against it on the ground that the claim was not presented in the statutorily required manner. The trial court granted both motions. The Supreme Court reversed the county's dismissal, finding that the claim was sufficiently presented to comply with the statutory requirements. It affirmed DOT's dismissal: "Through the enactment of § 95A-305 (a) [present OCGA § 32-2-6], the General Assembly has said that when a cause of action accrues on a public road which is part of the State Highway System, suit may be brought against the county (which is merely a political subdivision of the state), but the DOT shall defend any such suit and be responsible for all damages awarded therein. What the General Assembly has thus done is to prescribe the terms and conditions on which the state consents to be sued, and we cannot say that these terms and conditions deprive the plaintiff of any of her constitutional rights." Id. at 118.

Both here and in *Sikes* the complaints alleged that joint negligent acts of employees of the county and DOT were the proximate cause of the injuries incurred, and *Sikes* interpreted the predecessor of OCGA § 32-2-6 to operate precisely as the trial court ruled in the

instant case. The fact that the 1983 constitutional waiver of immunity might not have been contemplated by the General Assembly at the time OCGA § 32-2-6 was enacted does not abrogate this reasoning, nor does it act as a repeal of the statute. Indeed, the statutory language specifically anticipates any possible revisions of the law by providing that DOT must defend and pay all damages awarded against the county *"under existing laws whenever the cause of action accrues on a public road. . . ."*

Article I, Sec. II, Par. IX of the Constitution of Georgia of 1983 waives the defense of sovereign immunity "as to those actions for the recovery of damages for any claim against the state or any of its departments or agencies for which liability insurance protection for such claims has been provided but only to the extent of any liability insurance provided." This reservation of immunity includes counties. See generally *Toombs County v. O'Neal*, 254 Ga. 390 (1) (330 SE2d 95) (1985); *Nelson v. Spalding County*, 249 Ga. 334 (1) (290 SE2d 915) (1982). Here, DOT carried no liability insurance as to such actions, and Whitfield County was insured in the amount of $500,000.

Under these facts, the trial court correctly dismissed DOT as a party to the suit as sovereign immunity protected it. *Sikes*, supra; *Counihan v. Dept. of Transp.*, 162 Ga. App. 374 (1) (290 SE2d 514) (1982). However, recognizing that Whitfield County had waived its immunity under the 1983 constitutional provision by the purchase of liability insurance against such claims, the court also properly granted the county's motion for summary judgment as to any damages that might be recovered against it in excess of $500,000. Finally, as previously discussed, we find no error in the trial court's determination that the county could "vouch" in DOT under OCGA § 32-2-6, and in directing DOT to defend and pay any judgment awarded against the county. While the county's liability has been constitutionally reinforced since the last enactment of OCGA § 32-2-6, the purpose of the statute as established in *Sikes* has not changed and the law was not erroneously applied by the trial court.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 13, 1986 —
REHEARING DENIED DECEMBER 2, 1986 — CERT. APPLIED FOR.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General, Gary H. Brakefield, Assistant Attorney General*, for appellant.

*Warren N. Coppedge, Jr., F. Gregory Melton, J. Tracy Ward*, for appellees.