A91A1473. CHRISTIAN v. MONROE COUNTY et al.
(417 SE2d 37)

ANDREWS, Judge.

Helen Christian was injured in an automobile accident on Georgia State Highway 87 in Monroe County and filed a complaint against Monroe County, the Georgia Department of Transportation (DOT) and individual employees of that agency. In her complaint, Christian alleged that the defendants were jointly and severally negligent in the design, maintenance and repair of the highway, in failing to warn of the danger and in maintaining and failing to abate the nuisance created when water collected on the surface of the road. The complaint alleged that the road was part of the state highway system and no evidence to the contrary was submitted.

Monroe County filed a motion to dismiss based in part on the fact that it exerted no control over the road since the highway was owned, controlled and maintained by the State of Georgia and the DOT. The trial court denied the motion finding that under OCGA § 34-2-6 Monroe County was potentially liable and that the statute did not relieve the county of its duty to defend the lawsuit.

Subsequently, Monroe County filed a motion for summary judgment again contending that the county had no responsibility for State Route 87 and that claims of negligence were appropriately directed against the DOT alone. The county also argued that it was immune from liability since it had no insurance coverage with respect to Christian's claims. In support of its motion, the county filed the affidavit of the clerk of the county board of commissioners, Curtis Jenkins, in which he swore that: "the records of Monroe County reflect that State Route 87 is not owned by Monroe County and is not located on right of way owned by Monroe County. Monroe County has never been responsible for or involved in the acquisition, design, construction, or maintenance of said road, and said road has never been in any way under the control of Monroe County." Affiant Jenkins also swore that no insurance policy provided coverage for any incident occurring on the right-of-way of public roads or streets and that "Monroe County has no insurance policy which will provide any coverage for the negligent maintenance, design, or construction of public streets or roads."

The trial court granted the county's motion and Christian appeals.

1. In her first enumeration of error, Christian claims that the trial court erred in determining that Monroe County had no duty with re-

spect to State Highway 87 and therefore in granting the motion for summary judgment.

Christian first argues that the county was liable because it maintained a nuisance. At the outset we note that although counties are immune from suit generally, certain nuisance suits for damages can be maintained against a county under the constitutional provisions against taking or damaging private property for public purposes. *DeKalb County v. Orwig*, 261 Ga. 137, 138 (402 SE2d 513) (1991). Here Christian alleged that the water on the highway constituted a nuisance for which she could maintain a suit against Monroe County. We disagree and find that, as a matter of law, the instant facts did not amount to a nuisance and the trial court properly granted summary judgment regarding that claim.

Next, we address Christian's argument that summary judgment was improper since the county owed her a duty to maintain a safe highway and that its continued presence in the lawsuit was proper. Citing OCGA § 32-4-1, Christian argues that Monroe County has concurrent responsibility with the DOT for state highways lying within its boundaries. Though we concede that the statute is somewhat ambiguous, we do not interpret it as imposing a general duty of maintenance for the state highway system on the county. Although under OCGA § 32-2-2 (a) (5) a county *may* assume responsibility for construction or maintenance of any public road, in the absence of a specific agreement by which the county assumes such duties, there is no general duty imposed on the counties to maintain state highways. See OCGA §§ 32-4-41; 32-2-2 (a) (1).

Furthermore, although the principles of sovereign immunity discussed in *Williams v. Ga. Power Co.*, 233 Ga. 517 (212 SE2d 348) (1975), have undergone change (see, e.g., *Price v. Dept. of Transp.*, 257 Ga. 535 (361 SE2d 146) (1987); *Toombs County v. O'Neal*, 254 Ga. 390, 391 (330 SE2d 95) (1985)), the recognition in *Williams* that no statutory provision imposes liability on counties for torts arising out of defects on highways remains valid. See also *Berrien County v. Vickers*, 73 Ga. App. 863 (38 SE2d 619) (1946) (decided under former Code Ann. § 95-1001); OCGA § 36-1-4.

Christian argues that OCGA § 32-2-6 (a) imposes a duty upon a county for defects arising out of highways, regardless of the county's responsibility. This argument is also without merit. Traditionally OCGA § 32-2-6 (a) has provided a mechanism by which a county may be sued as an arm of the state and by which the DOT defends and is responsible for all damages in such action. *Sikes v. Candler County*, 247 Ga. 115 (274 SE2d 464) (1981). Prior to *Price*, supra, this statute provided the exclusive procedure whereby the DOT could be made responsible for money damages in cases involving allegations of defective construction and maintenance of state highways. See *Powell v.*

*Ledbetter Bros.*, 251 Ga. 649 (2) (307 SE2d 663) (1983), reversed in part *David Allen Co. v. Benton*, 260 Ga. 557 (398 SE2d 191) (1990); *State Hwy. Dept. v. Parker*, 75 Ga. App. 237 (43 SE2d 172) (1947).

Although the changes in the area of sovereign immunity have not operated to repeal OCGA § 32-2-6, see *Dept. of Transp. v. Land*, 181 Ga. App. 94 (351 SE2d 470) (1986), reversed in part 257 Ga. 657 (1987), neither have those changes extended a county's liability further than "under existing laws." *Williams*, supra. Thus, the statute continues to provide the mechanism for suit when " 'the liability of the county referred to is primary, and that of the [DOT] is ultimate.' " *Parker*, supra at 241; *Tounsel v. State Hwy. Dept.*, 180 Ga. 112, 118 (178 SE 285) (1934). Accordingly, where there is no liability for the county, the mechanism for holding the DOT responsible for damages under OCGA § 32-2-6 (a) does not create such liability. *Purser v. Dodge County*, 188 Ga. 250 (3 SE2d 574) (1939).

We are cognizant that previous interpretations of OCGA § 32-2-6 (a) have rested largely on principles involving sovereign immunity. Despite this fact, the additional implicit conclusion of previous cases — that § 32-2-6 does not create a duty by the county — remains sound law. See *Williams*, supra; *Parker*, supra; *Purser*, supra. Christian cites *Dept. of Transp. v. Land*, supra, to support her claim that OCGA § 32-2-6 creates a duty. That case is inapposite since in *Land*, unlike in the instant situation, the issue was not whether the county originally owed the plaintiff a duty, but whether the county would be indemnified and provided a defense by the DOT.

In this case, the uncontroverted facts established that Monroe County had no duty with respect to the portion of the highway on which the accident occurred and the trial court's grant of summary judgment was proper.

2. Because of our conclusion in Division 1, we need not address the enumeration regarding the county's insurance policy.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 12, 1992.

*Harrison & Willis, Randall P. Harrison*, for appellant.

*Mills, Freeman, Vaughn & Sosebee, W. Franklin Freeman, Jr.*, for appellees.