A92A1834. DEPARTMENT OF TRANSPORTATION v. PRICE.
A92A1835. DOUGHERTY COUNTY v. PRICE.
(430 SE2d 602)

BIRDSONG, Presiding Judge.
We granted these interlocutory appeals to determine whether the trial court erred in applying OCGA § 32-2-6 to reinstate this suit against Dougherty County. Appellee Price originally filed suit against

Dougherty County and the Georgia Department of Transportation for an injury which allegedly occurred on a county road. Summary judgment in favor of the county was previously granted on grounds of sovereign immunity, the county having purchased no liability insurance. See Constitution of Georgia 1983, Art. I, Sec. II, Par. IX.

Three years later, Price successfully moved to reinstate the suit against the county on grounds that OCGA § 32-2-6 provides a "total waiver" of the county's sovereign immunity. Both the county and DOT, which is required to defend the county, appeal. *Held*:

1. OCGA § 32-2-6 (a) provides that DOT "shall defend . . . and be responsible for all damages" for which a county is responsible "under existing laws whenever the cause of action accrues on a public road which . . . [is] a part of the state highway system." The waiver of sovereign immunity plainly referred to in the statute and in the case authorities is the waiver of DOT's immunity, to the extent that DOT must be "vouched in" to answer for a suit against a county. Such a suit may be maintained against a county only if and to the extent that a county has waived its own sovereign immunity by purchasing liability insurance. See *Dept. of Transp. v. Land*, 181 Ga. App. 94, 97 (351 SE2d 470) (1986). If the county is not responsible for damages because of sovereign immunity, there is nothing for which DOT can be made responsible on the county's behalf. The statute says nothing about waiving a county's sovereign immunity and nothing in the statute creates a waiver of a county's immunity. It simply makes DOT responsible for the county's liability when the county is liable " 'under existing laws.' " *Christian v. Monroe County*, 203 Ga. App. 342, 344 (417 SE2d 37); OCGA § 32-2-6 (a).

The trial court held three years ago that Dougherty County is not liable in this action because it had no liability insurance and thus retained its sovereign immunity; under OCGA § 32-2-6 there is nothing which DOT must defend or for which it must be responsible on behalf of the county.

In contending that OCGA § 32-2-6 provides a total waiver of the county's constitutional sovereign immunity, Price relies on language in *Sikes v. Candler County*, 247 Ga. 115, 118 (274 SE2d 464), and *Powell v. Ledbetter Bros.*, 251 Ga. 649, 650 (307 SE2d 663). Price also quotes from *Dept. of Transp. v. Land*, 181 Ga. App. 94 (351 SE2d 470), affirmed in principle and reversed in part by *Dept. of Transp. v. Land*, 257 Ga. 657 (362 SE2d 372). Price also argues that DOT's waiver of its own immunity by the purchase of liability insurance for its employees, as held on a previous appellate visit of this case in *Price v. Dept. of Transp.*, 257 Ga. 535, 537 (361 SE2d 146), somehow works through § 32-2-6 to create a "total" or "partial waiver" of the county's immunity. Obviously, however, the fact that DOT may be liable as a defendant in its own behalf in this case does not create a

waiver of the county's constitutional immunity. OCGA § 32-2-6 does not say or imply such a thing.

The idea that § 32-2-6 creates a statutory waiver is invented by Price out of thin air by lifting portions of sentences and passages out of their plain context, and by then labeling these lifted passages as "clear and consistent" substantive and procedural rules. Price's creations much resemble the emperor's clothes. From *Sikes,* supra at 118 (and *Dept. of Transp. v. Land,* 181 Ga. App. at 96) is lifted a statement that "suit may be brought against the county." In context, however, the statement is that if and when suit "may be brought" against the county, DOT must defend it.

Price further creates the idea that § 32-2-6 is a statutory waiver of county immunity, by lifting this statement from *Powell,* supra at 650: "This statute requires suit be brought against the county." But in context, the statement refers to the statutory scheme which requires DOT to defend a suit brought against the county and not vice versa.

Price also lifts her idea of a statutory waiver of county immunity from the statement in *Powell* at 651, that an action alleging negligence on the part of the county "is an action where sovereign immunity exists and the statute provides the waiver." But one has only to read the case to see that the waiver referred to is the waiver of DOT's immunity, not the county's; *Powell* says that although DOT on its own behalf may have constitutional immunity in a case, that immunity "must be waived" where the county's immunity is waived, so that DOT can be required to defend the county and to pay the county's damages.

The trial court erred in reinstating this suit against the county on grounds that § 32-2-6 (a) creates a statutory waiver of a county's immunity.

2. Price's attempt to file a supplemental record which Price says would show that the road was a county project, and her attempt to conduct deposition and discovery on such question to supplement the record therewith during the pendency of this appeal in this court and while the trial court was without jurisdiction to proceed in such manner, as is very well established law, were improper, superfluous, irrelevant and frivolous. See OCGA §§ 5-6-46 and 5-6-34 (b); *Walker v. Walker,* 239 Ga. 175 (236 SE2d 263); *Tyree v. Jackson,* 226 Ga. 642 (177 SE2d 159); *Carter v. Data Gen. Corp.,* 162 Ga. App. 379, 381 (291 SE2d 99). Moreover, evidence that Dougherty County built the road does not alter the fact that the county is immune from suit and OCGA § 32-2-6 (a) does not create a waiver of that immunity. The filing of a supplemental record allegedly containing evidence that Dougherty County built the road or otherwise was involved with the road project is but another attempt to confuse the issue in this case.

Price asserts that all her extra procedural maneuvers during this appeal were necessary because such evidence distinguishes this case from *Christian*, supra, which Price says appellants newly cited on appeal and which Price says held the county not liable to suit because there was no evidence that the county built the road. Id. at 342. But clearly the county was not liable in *Christian* (and thus DOT was not liable on the county's behalf), *not* because the county did not build that road, but because the county had purchased no liability insurance and thus was immune, and OCGA § 32-2-6 (a) was held to create no waiver. The matter of who built the road in this case is likewise not pertinent to the issue of waiver of immunity.

*Judgments reversed. Beasley and Andrews, JJ., concur.*

ON MOTION FOR RECONSIDERATION.

Price insists that OCGA § 32-2-6 allows her to sue DOT and thereby provides a waiver of the sovereign immunity which the county has "under existing laws." Id. Nowhere in its terms does the statute create a waiver of the county's immunity; this is an idea conjured up by wishful thinking. Price confusedly contends she is in a "Catch-22" position because before she amended to sue the county under § 32-2-6, DOT blamed the county for negligence, whereas "now that this [statute] has entered this action," DOT and the county "stonewall any attempt to involve the county." This is a non sequitur. In fact, § 32-2-6 has not "entered this action" because the county is immune to suit "under existing laws." By resisting Price's attempt to twist this statute to her wishes, DOT and the county are not "stonewalling" a valid attempt to sue the county; they are simply relying on their plain legal rights. As for Price's dilemma of DOT's pointing blame on the county, DOT is at liberty to defend against its own liability on this basis, but the county cannot be sued and no imagination on Price's part can alter this fact.

*Motion for reconsideration denied.*

DECIDED MARCH 8, 1993 —
RECONSIDERATION DENIED APRIL 1, 1993

*Michael J. Bowers, Attorney General, George P. Shingler, Senior Assistant Attorney General, Cathy A. Cox-Brakefield, Assistant Attorney General*, for appellant (case no. A92A1834).

*W. Spencer Lee IV*, for appellant (case no. A92A1835).

*Burt & Burt, Hilliard P. Burt, Ben Kirbo*, for appellee.