A94A1514. HARDY et al. v. CANDLER COUNTY et al.
(448 SE2d 487)

Andrews, Judge.

On August 25, 1993, Cora and Bobby Hardy and Rosa Kegler filed a complaint for personal injury against Candler County, the State of Georgia and John Does I-IV. Neither the Georgia Department of Natural Resources (DNR), nor the Georgia Department of Transportation (DOT) were named as defendants.

According to the complaint, on August 28, 1991, Cora Hardy was operating an automobile along Georgia Route 121 in an unincorporated area of Candler County. Bobby Hardy and Rosa Kegler were passengers in the car. The vehicle ran into a pool of water which covered a portion of the road, causing the car to go out of control.

The Hardys and Kegler alleged that Candler County was negligent in failing to warn of the danger of potential flooding along the state highway and in failing to close the highway since the condition constituted a nuisance. The Hardys and Kegler alleged that the State was also negligent in releasing an excessive amount of water from the George L. Smith State Park, which caused the flooding and in failing to warn of the flooding.

Candler County filed an answer, asserting that the claim against it was barred by the doctrines of governmental and sovereign immunity. The county also stated that it was not liable since it did not own or maintain the subject highway. The State filed an answer, claiming that the plaintiffs had failed to follow the requirements of the Georgia Tort Claims Act and that the complaint was barred.

On October 19, 1993, the State filed a motion to dismiss based on plaintiffs' failure to comply with the requirements of the Georgia Tort Claims Act. With its motion, the State filed the affidavit of the director of the Office of Risk Management Services of the Department of Administrative Services, in which he stated that the ante litem notice submitted by the Hardys and Kegler with respect to the accident was received by his office on July 2, 1993. On November 23, 1993, the Hardys and Kegler amended their complaint to include a copy of the ante litem notice which had been sent to the State. The State then

amended its motion, arguing that plaintiffs failed to name the proper party as defendant and failed to attach a copy of the ante litem notice and a delivery receipt to the complaint within the requisite time period.

On November 2, 1993, Candler County filed a motion for summary judgment, arguing that it was neither responsible for, nor involved in, the acquisition, design, construction or maintenance of the highway. With the motion, the county filed the affidavit of the chairman of the board of county commissioners in which he swore that the county had neither owned the road, nor had responsibility for it.

On December 28, 1993, the DOT was served with process. Without submitting itself to the court's jurisdiction, on January 26, 1994, DOT moved to quash service on several grounds, including that DOT was not named as a party defendant and that no allegations of negligence were made in the complaint against it.

On January 14, 1994, the plaintiffs amended their complaint again. They alleged that the State was liable through its agency, the Georgia Department of Natural Resources. They alleged that the county was also liable to plaintiffs because "the said defendant, acting through its agent, undertook to protect persons who might be injured as a result of the release of the water by the personnel at the George L. Smith State Park." They claimed that the DNR was liable under the Federal Power Act because of the negligent release of water. The record shows no certificate of service for the second amended complaint to either DNR nor to counsel for the State.

On February 9, 1994, the superior court granted summary judgment to both the county and the State. Citing *Christian v. Monroe County*, 203 Ga. App. 342 (417 SE2d 37) (1992), the court concluded that the county had conclusively shown that it had never been responsible for, or involved in, the acquisition, design, construction or maintenance of the road and that summary judgment was proper.

With respect to the State, the court concluded, inter alia, that plantiffs failed to give notice of their intentions to file the lawsuit against the State as required by OCGA § 50-21-26 (a). The court found that "the plaintiffs mailed the statutory notice by certified mail on June 29, 1993, and that the notice was received by the State on July 2, 1993. The accident occurred on August 28, 1991; therefore, the ante litem notice to have complied with the law should have been given to and received by the State within 12 months after July 1, 1992, or before July 1, 1993, pursuant to OCGA § 50-21-26 (a) (1)." The court concluded that because no written notice of the claim was timely presented to the state as required by OCGA § 50-21-26 (a) (3), it had no jurisidiction in the matter and was precluded from acting.

In their sole enumeration of error, the Hardys and Kegler contend that the court erred in granting summary judgment. With regard

to the county, they claim that summary judgment was improper since the evidence did not establish that the county was not liable for the dangerous conditions on the highway. Citing *Sikes v. Candler County*, 247 Ga. 115 (274 SE2d 464) (1981), they argue that the DOT was served by second original with the complaint and that the suit was authorized pursuant to OCGA § 32-2-6. They argue that the court failed to specifically rule on the allegations concerning the county's failure to post warnings of the dangerous conditions on the road and that these claims should have survived the motion and are deemed true until rebutted.

These arguments are without merit. "[I]n ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. Nevertheless, a movant for summary judgment who is a defendant may discharge his burden by pointing out by reference to the affidavits, depositions, and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) [(1991)]. At summary judgment a party who will not bear the burden of proof at trial need not conclusively prove the opposite of each element of the nonmoving party's case." (Citations and punctuation omitted.) *Garmon v. Warehouse Groceries Food Center*, 207 Ga. App. 89, 91 (1) (427 SE2d 308) (1993).

As the superior court correctly determined, this case is controlled by *Christian v. Monroe County*, supra. Pretermitting questions regarding OCGA § 32-2-6 and the Department of Transportation,[1] the principles from *Christian* are instructive. In that case, this court stated, "[a]lthough under OCGA § 32-2-2 (a) (5) a county *may* assume responsibility for construction or maintenance of any public road, in the absence of a specific agreement by which the county assumes such duties, there is no general duty imposed on the counties

---

[1] We note that OCGA § 32-2-6 (a) provides that when any such action is brought against a county, it is the plaintiff's duty to provide for service of notice of the pendency of such action against the county upon the department by providing for service of a second original process upon the commissioner, or by leaving a copy of the same in the office of the commissioner in the DOT. The provision further states: "*The service of process in such action upon the county shall not be perfected until such second original process has been served as provided in this Code section.*" (Emphasis supplied.)

Because issues regarding service of process and the validity of the suit against the county in light of the fact that the DOT was not served until December 1993 were not raised by the parties, they will not be addressed.

to maintain state highways." *Christian,* supra at 343. See generally *Painter v. Sorrow,* 205 Ga. App. 775 (423 SE2d 684) (1992).

Here, the county produced evidence that it had no responsibility for any aspect of the road. The Hardys and Kegler may not now rest on their pleadings, but must point to specific evidence that the county had a duty with respect to the roadway. This they have failed to do. Moreover, they have failed to cite any authority to support their argument that the duty to warn allegations should be considered separately from the other portions of the complaint. Accordingly, summary judgment was properly granted to the county.

Next, the Hardys and Kegler argue that the court erred in granting summary judgment to the State. They contend that OCGA § 50-21-26 of the Georgia Tort Claims Act (the Act) provides that notice of a claim shall be given in writing within 12 months after July 1, 1992 and that the fact that the notice here was mailed on June 29, 1993, makes it timely. The State contends that since it did not *receive* the notice until July 2, 1993, the notice was untimely and the action is therefore barred.

OCGA § 50-21-26 (a) provides: "(1) Notice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered; provided, however, for tort claims and causes of action which accrued between January 1, 1991, and July 1, 1992, notice of claim shall be given in writing within 12 months after July 1, 1992;

"(2) Notice of a claim shall be given in writing and shall be mailed by certified mail, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, a copy shall be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim. Each state government entity may designate an office or officer within that state government entity to whom a notice of claim is to be delivered or mailed;

"(3) No action against the state under this article shall be commenced and the courts shall have no jurisdiction thereof unless and until a written notice of claim has been timely presented to the state as provided in this subsection."

As set forth above, OCGA § 50-21-26 (a) (1) requires that notice be "given" to the State in writing within 12 months after July 1, 1992, and OCGA § 50-21-26 (a) (3) provides that no action can proceed against the State unless such notice has been "presented" to it. The Act thus uses the terms "given" and "presented" interchangeably, neither of which are defined by the Act. However, the term "presented" as used in the analogous Federal Tort Claims Act has been defined as meaning actual receipt such that a claim has been

"presented" to a federal agency when it actually *receives* such a claim. See *Barlow v. AVCO Corp.*, 527 F. Supp. 269 (E.D. Va. 1981). We adopt this rationale and hold that pursuant to OCGA § 50-21-26 (a) written notice of the claim must be received by the State within the requisite statutory period so that the State can take appropriate action on the claim. See *Barlow*, supra. Because notice of plaintiffs' claim was not received by the State within 12 months of July 1, 1992, the jurisdictional prerequisite to suit has not been met and the superior court properly granted summary judgment to the State. In light of our holding, we need not address plaintiffs' remaining contentions concerning the grant of summary judgment to the State.

*Judgment affirmed. Beasley, P. J., and Johnson, J., concur.*

DECIDED AUGUST 19, 1994 —
RECONSIDERATION DENIED SEPTEMBER 12, 1994 — 

*W. Douglas Adams*, for appellants.

*Michael J. Bowers*, Attorney General, *Robert S. Bomar*, Senior Assistant Attorney General, *Brenda H. Cole*, Assistant Attorney General, *Doremus, Jones & Smith, Bobby T. Jones*, for appellees.