A96A0800. DEPARTMENT OF TRANSPORTATION v. NORRIS et al.
(474 SE2d 216)

McMURRAY, Presiding Judge.

Plaintiff Steven Earl Norris, individually, and as administrator of the estate of Ann Lois Norris, deceased, brought this action for wrongful death and other damages against defendants Reeves Construction Company and the Georgia Department of Transportation ("DOT"). DOT moved to dismiss plaintiff's action for several reasons including an alleged failure to timely file an ante litem notice of claim. Following the denial of DOT's motion to dismiss, we granted permission for interlocutory review of that ruling. *Held*:

With one addition, the facts in *Hardy v. Candler County*, 214 Ga. App. 627 (448 SE2d 487) are substantially similar to those in the case sub judice. In both cases the ante litem notice of claim required under OCGA § 50-21-26 (a) was mailed within 12 months of the date of loss but received after the expiration of that period of time. The holding in *Hardy* was that "written notice of the claim must be received by the State within the requisite statutory period. . . ." Id. at 631.

The case sub judice presents a further issue in that plaintiff attempted to provide the required notice of the claim by a facsimile transmission which was sent and received within the requisite period of time. The superior court determined that the subsections of OCGA § 50-21-26 (a) present independent requirements and that the fac-

simile transmission satisfied the requirement of OCGA § 50-21-26 (a) (1) that the notice be given in writing. The order denying DOT's motion to dismiss also states that: "The requirement of receipt of the notice within twelve months does not require that the certified mail or personal delivery be accomplished within the same time frame so long as notice has been given in writing and 'mailed by certified mail, return receipt requested,' within that time frame."

Contrary to the holding below, it seems to us necessary to read the subsections of OCGA § 50-21-26 (a) together in order to perceive any coherent scheme and as much is explicitly required by the final phrase in that section heading, so that there shall be no tort claim against the State "without first giving notice of the claim as follows:" This is sufficient to require that the subsections of OCGA § 50-21-26 (a) be read together, particularly since the alternative by failing to provide for any consistent method of notification of claims would hardly square with common sense and sound reasoning. *Bennett Elec. Co. v. Spears*, 188 Ga. App. 502, 503 (373 SE2d 286). It follows that a proper notice of claim must be given by a writing which is both delivered by the date required by OCGA § 50-21-26 (a) (1) and delivered by the method provided in OCGA § 50-21-26 (a) (2).

It may also be added that a facsimile transmission does not satisfy the statutory requirement that notice be "given in writing." Such a transmission is an audio signal via a telephone line containing information from which a writing may be accurately duplicated, but the transmission of beeps and chirps along a telephone line is not a writing, as that term is customarily used. Indeed, the facsimile transmission may be created, transmitted, received, stored and read without a writing, in the conventional sense, or hard copy in the technical vernacular, having ever been created. The superior court erred in denying DOT's motion to dismiss.

*Judgment reversed. Johnson and Ruffin, JJ., concur in the judgment only.*

DECIDED JULY 9, 1996 —
RECONSIDERATION DENIED JULY 29, 1996 —

*Michael J. Bowers, Attorney General, George P. Shingler, Deputy Attorney General, Cathy A. Cox-Brakefield, Assistant Attorney General*, for appellant.

*Kirbo, McCalley & Forehand, Thomas L. Kirbo III, David S. Herndon, Sims, Fleming & Spurlin, John C. Spurlin*, for appellees.