## S96G1881. NORRIS et al. v. DEPARTMENT OF TRANSPORTATION.
### (486 SE2d 826)

THOMPSON, Justice.

We granted certiorari to the Georgia Court of Appeals in *Dept. of Transp. v. Norris*, 222 Ga. App. 361 (474 SE2d 216) (1996), to determine whether an ante litem notice of claim under OCGA § 50-21-26 of the Georgia Tort Claims Act, requires actual receipt of a writing by the appropriate agent(s) of the State, or whether the notice requirement is satisfied upon proper mailing. We hold that mailing of the notice in the manner specified in OCGA § 50-21-26 (a) (2), satisfies the statutory requirement. Accordingly, we reverse the judgment of the Court of Appeals.

Steven Norris, individually, and as administrator of the estate of his wife, Ann Lois Norris, brought an action for wrongful death and other damages against the Georgia Department of Transportation (DOT) and Reeves Construction Company. It was alleged that the negligent design, construction, and maintenance of an intersection of Highway 319 By Pass in the City of Moultrie resulted in a fatal collision involving decedent's vehicle. DOT moved to dismiss the complaint on several grounds, including plaintiff's alleged failure to give timely pre-suit notice of claim as required by the Georgia Tort Claims Act. The trial court denied the motion to dismiss; and the Court of Appeals granted interlocutory review and reversed. *Dept. of Transp. v. Norris*, supra.

In 1993, the legislature enacted the Georgia Tort Claims Act, OCGA § 50-21-20 et seq. (Ga. L. 1992, p. 1883, § 1). The stated intent of the Act is to balance strict application of the doctrine of sovereign immunity, which may produce "inherently unfair and inequitable results," against the need for limited "exposure of the state treasury to tort liability." OCGA § 50-21-21 (a). The legislature expressly declared as "the public policy of this state that the state shall only be liable in tort actions within the limitations of [the Act] and in accordance with the fair and uniform principles established" therein. OCGA § 50-21-21 (a).

One such limitation of the Act is contained in OCGA § 50-21-26 (a), which prescribes that a tort claim may not be brought against the state "without first giving notice of the claim." Subsection (a) (1) requires that "[n]otice of a claim shall be given in writing within 12 months of the date the loss was discovered or should have been discovered. . . ." The plain language of OCGA § 50-21-26 (a) (2) provides two alternative methods of transmitting written notice — mailing or personal delivery. As the Code section specifies, notice "shall be mailed by certified mail, return receipt requested, *or* delivered personally to and a receipt obtained from the Risk Management Division

of the Department of Administrative Services . . . [and] a copy shall be delivered personally to or mailed by first-class mail to the state government entity. . . ." Id. (Emphasis supplied.) Finally, subsection (a) (3) specifies that no action shall be brought under the Tort Claims Act "unless and until a written notice of claim has been timely presented to the state as provided in this subsection."

The evidence shows that plaintiff mailed his ante litem notice of claim by certified mail, return receipt requested, to the Risk Management Division on the day before the expiration of 12 months from the date of loss.[1] The mailed notice was received by the addressee two days later, which was one day beyond the twelve-month period. DOAS began investigation of the claim.

In concluding that *receipt* of the notice of claim within the 12-month period was required under the statute, the Court of Appeals relied on *Hardy v. Candler County*, 214 Ga. App. 627 (448 SE2d 487) (1994). *Hardy* acknowledged that the Georgia Act does not define the terms "given"[2] and "presented,"[3] but it applied federal authority interpreting the Federal Tort Claims Act, *Barlow v. AVCO Corp.*, 527 FSupp. 269 (E.D. Va. 1981), and interpreted our statutory language as meaning *actual receipt* by the state within the requisite statutory time. A critical distinction, as noted in *Barlow*, is that federal regulations *specifically* provide that " 'a claim shall be deemed to have been presented, when the Department *receives* . . .' such a claim. 29 CFR § 15.4." *Barlow*, supra at 273. Applying such a definition to the Georgia Act is neither authorized nor required because the plain language of OCGA § 50-21-26 (a) (2) provides as an alternative to actual delivery that notice of claim is given upon mailing. Because the Act specifies *mailing* and does not require *receipt,* it places an equal burden on all claimants. To hold the sender responsible for ensuring *actual receipt* of the notice within the statutory time would create a harsh and unreasonable rule because a document which is placed in the mail is no longer within the sender's control. The mailing requirement, therefore, comports with the stated legislative intent of achieving fairness and uniformity in the application of the Act. Since Norris mailed his ante litem notice in the manner specified by OCGA § 50-21-26 (a) (2), and within the statutory time frame, he complied with the provisions of the Act. To the extent that *Hardy v. Candler County*, supra, states otherwise, it is expressly overruled.

---

[1] Norris also asserts that on the same day that the notice was mailed by certified mail, his attorney was advised by telephone by a state agent in the Risk Management Division that a facsimile transmission of the ante litem notice of claim would suffice. Because we find that the mailed notice of claim satisfied the statute, we do not decide whether the facsimile notice was sufficient under the circumstances.

[2] OCGA § 50-21-26 (a) (1).

[3] OCGA § 50-21-26 (a) (3).

*Judgment reversed. All the Justices concur, except Benham, C. J., Fletcher, P. J., and Hines, J., who dissent.*

HINES, Justice, dissenting.

I must respectfully dissent because I believe that the Court of Appeals correctly determined that OCGA § 50-21-26 (a) requires *actual receipt* of an ante litem notice of claim within 12 months of the date of the loss.

The Georgia Tort Claims Act provides that an individual may not bring a tort claim against the state unless the individual first gives the state written notice of the claim within the time and in the manner specified by OCGA § 50-21-26. Subsection (a) provides in pertinent part:

> No person . . . having a tort claim against the state under this article shall bring any action against the state upon such claim without first giving notice of the claim *as follows*:
> (1) Notice of a claim *shall be given in writing within 12 months of the date the loss was discovered or should have been discovered* . . . .

(Emphasis supplied.) OCGA § 50-21-26 (a) (3) prescribes that no action can proceed against the state unless such notice has been "presented" to the state. OCGA § 50-21-26 (a) (2) specifies the methods for presenting notice:

> Notice of a claim shall be given in writing and shall be mailed by certified mail, return receipt requested, or delivered personally to and a receipt obtained from the Risk Management Division of the Department of Administrative Services. In addition, a copy shall be delivered personally to or mailed by first-class mail to the state government entity, the act or omissions of which are asserted as the basis of the claim. Each state government entity may designate an office or officer within that state government entity to whom a notice of claim is to be delivered or mailed.

The Court of Appeals in *Hardy v. Candler County*, 214 Ga. App. 627 (448 SE2d 487) (1994), considered whether the legislature intended the terms "given" and "presented" to require actual receipt of the written notice of claim by the state within the requisite statutory period. It determined that the Georgia Tort Claims Act uses the term "presented" in the same context as the Federal Tort Claims Act, which defines it as *actual receipt* by the agency. *Hardy v. Candler County*, supra at 630-631. Such reasoning is sound and squares with

the express language of the statute. Subsections (a) (2) and (a) (4)[4] explicitly require proof of actual receipt by the state and attachment of such proof to the complaint. The subsections of OCGA § 50-21-26 (a) must be· read as a whole and the construction of "language and words used in one part of the statute must be in . . . light of the legislative intent as found in the statute as a whole." *Williams v. Bear's Den*, 214 Ga. 240, 242 (104 SE2d 230) (1958); see also *Bd. of Trustees v. Christy*, 246 Ga. 553, 554 (1) (272 SE2d 288) (1980); *Bennett Electric Co. v. Spears*, 188 Ga. App. 502 (373 SE2d 286) (1988). Considering the subsections in tandem, the terms "given" and "presented" in the context of OCGA § 50-21-26 (a) require actual receipt of the notice of claim within the requisite statutory period to ensure a reliable and consistent method for notifying the state of potential liability. Otherwise merely a postmark would serve as verification that the notice of claim had been timely received by the state.

Moreover, Norris' facsimile transmission failed to satisfy the writing requirements for notification pursuant to OCGA § 50-21-26 (a). The legislature has plainly determined that notice of a claim filed pursuant to the Act must be given by a writing which is both delivered by the date required in OCGA § 50-21-26 (a) (1) and delivered by the method provided in OCGA § 50-21-26 (a) (2). It did not see fit to include facsimile transmission as an appropriate method for presenting written notification under OCGA § 50-21-26 (a) (2), as it has in other legislation.[5]

Nor is the state estopped from asserting that Norris failed to provide timely notice because an agent of the state advised his attorney to send written notification by facsimile transmission. Unauthorized declarations by a state agent cannot prevent the state from invoking the statutory notice requirements. See OCGA § 45-6-5; *City of Calhoun v. Holland*, 222 Ga. 817, 819 (152 SE2d 752) (1966); *City of LaGrange v. USAA Ins. Co.*, 211 Ga. App. 19 (2) (438 SE2d 137) (1993); *Gillingwater v. City of Valdosta*, 177 Ga. App. 241 (2) (339 SE2d 287) (1985). Compare *City of Atlanta v. Atlantic Realty Co.*, 205 Ga. App. 1, 2 (1) (421 SE2d 113) (1992). Otherwise, a state agent could unilaterally and arbitrarily circumvent the legislative man-

---

[4] Subsection (a) (4) states:
Any complaint filed pursuant to this article must have a copy of the notice of claim presented to the Department of Administrative Services together with the certified mail receipt or receipt for other delivery attached as exhibits. If failure to attach such exhibits to the complaint is not cured within 30 days after the state raises such issue by motion, then the complaint shall be dismissed without prejudice; . . .

[5] The legislature has expressly provided in other instances that written notice may be accomplished by facsimile transmission. See OCGA § 33-52-4 (b) (Assumption Reinsurance Agreements); OCGA § 48-2-55 (c) (2) (Revenue & Taxation, Administration); OCGA § 48-7-108 (c) (Revenue & Taxation, Income Taxes); and OCGA § 48-8-47 (Revenue & Taxation, Sales & Use Taxes).

date, causing confusion and injustice. Additionally, where the public interest is at stake by an action against the state, legal requirements may not be waived by the parties. *City of LaGrange v. USAA Ins. Co.,* supra at 20 (2).

Accordingly, I conclude that the statutory requirements were not waived, and that Norris failed to provide the state with timely notice of his claims. I am authorized to state that Chief Justice Benham and Presiding Justice Fletcher join in this dissent.

DECIDED JULY 14, 1997.

*Kirbo, McCalley & Forehand, Thomas L. Kirbo III, Jon V. Forehand, David S. Herndon,* for appellants.

*Thurbert E. Baker, Attorney General, George P. Shingler, Deputy Attorney General, Cathy A. Cox-Brakefield, C. Latain Kell, Senior Assistant Attorneys General, Jennifer D. Roorbach, Assistant Attorney General, Sims, Fleming & Spurlin, John C. Spurlin,* for appellee.

*Waddell, Emerson & Buice, E. Angela Emerson,* amicus curiae.